UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>MOISES CUEVAS, individually and doing business as Mariscos El Camaron, and MARISCOS EL CAMARON, INC.,<br><br>  Defendants. | Case No.: 3:20-cv-02113-BAS-AHG<br><br>**ORDER GRANTING IN PART JOINT MOTION TO CONTINUE FACT DISCOVERY AND EXPERT DISCOVERY DEADLINES**<br><br>**[ECF No. 13]** |

Before the Court is the parties' Joint Motion to Continue Fact and Expert Discovery Deadlines. ECF No. 13 (referring to Scheduling Order in ECF No. 12). The parties jointly request that the Court extend the fact discovery and expert discovery deadlines by approximately one month. *Id.*

1

Parties seeking to modify the scheduling order under Rule 16(b) must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); ECF No. 12 at ¶ 21 (Scheduling Order, stating that "[t]he dates and times set forth herein will not be modified except for good cause shown"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see also* FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A "party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Fact discovery and expert discovery must be completed by the parties by September 2, 2021. ECF No. 12 at ¶ 5. Here, the parties have represented to the Court that they plan to conduct certain depositions but have not been able to do so yet because of scheduling conflicts. ECF No. 13 at 2. Specifically, Defendants "wish to depose one of G&G's sales personnel on Monday, August 30, 2021, however, Plaintiff's counsel is unavailable on that particular date" due to conflicting court appearances. *Id*. Plaintiff "wishes to depose two of Defendants' staff. It would appear one or more of those individuals need to be skip traced and subpoenaed." *Id*. The parties also note that Plaintiff's counsel and its authorized representative are unable to reschedule the aforementioned depositions before the deadline because they will be preparing for a World Championship fight. *Id*. at 3. Thus, the parties have requested that the fact discovery and expert discovery deadlines be continued to October 1, 2021. *Id*.

The Court has considered the motion,[1] and does not find good cause to fully grant the request. The Scheduling Order was filed on February 18, 2021, and the parties have not persuaded the Court that they have been diligently pursuing discovery—i.e., these depositions—for the last six months. However, in light of the case's posture and the preference of courts to decide cases on the merits, the Court finds good cause to grant the extension **only as to the depositions specifically referenced in the motion**, but will leave all other case management deadlines as is. Thus, September 2, 2021, remains the cutoff for all other discovery.

The parties' joint motion is **GRANTED IN PART** as follows:

1. The three depositions specifically referenced in the motion (Defendant's deposition of one of G&G's sales personnel, and Plaintiff's depositions of two of Defendants' staff) must be completed by **October 1, 2021**.

2. All other fact discovery and expert discovery shall be completed by all parties by **September 2, 2021**.

3. All other dates, deadlines, procedures, and requirements set forth in the Scheduling Order (ECF No. 12) **remain in place**, except as explicitly modified by this Order.

**IT IS SO ORDERED**.

Dated: August 18, 2021

Honorable Allison H. Goddard
United States Magistrate Judge

---

[1] As an initial matter, the parties' motion is deficient. The parties failed to provide a declaration from counsel, as required by the Court's Chambers Rules. Chmb.R. at 2 (requiring that the joint motion for continuance include a "declaration from counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met"). The Court will take the parties at their word without the required declaration, but will not do so again.